Dear Ms. Dauzat:
You requested an opinion from this office regarding the effect of the Avoyelles Parish Police Jury's dropping general liability insurance coverage for the Parish. You asked for a legal opinion on the following four questions:
 1. By the Parish dropping general liability insurance coverage, what would happen legally if we are sued due to an accident where we are found liable?
 2. What type of exposure are we in without coverage?
 3. If the Parish has little or no money in the general fund to pay for judgments, can the courts force us to pay? Can we be forced to pay out of dedicated tax money?
 4. What legislative bills are now in force to help protect us if we have no coverage? What bills address suits/judgments against parishes?
Questions 1 and 2:
La. R.S. 13:1501 et seq. sets forth rules for suits against the state, state agencies or political subdivisions or against an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment. Two indemnity statutes exist within this law at La. R.S. 13:5108.1 and 13:5108.2.
La. R.S. 13:5108.1, by its terms, refers to officers and employees of the state. The definition of a "state agency" expressly excludes political subdivisions or agencies thereof at13:5102(A). Therefore, it appears that this indemnity statute does not apply to officers and employees of political subdivisions defined at 13:5102(B) as, parish, municipality, special district or any other public or governmental body of any kind which is not a state agency.
La. R.S. 13:5108.2 expressly excludes officials, officers or employees of municipalities, parishes, etc.
The risk management statutes, La. R.S. 39:1527 et seq., expressly exclude parish officials set forth in Article VI, Sections 5(G) and 7(B) of the Louisiana Constitution of 1974 or their respective officers, deputies, employees or appointees.
In answer to your specific questions, if you are sued due to an accident where you are found liable, the Parish is liable if you were acting within the scope of your duties. If not, you would have personal liability. Thus, you have parish and personal exposure without general liability insurance coverage.
QUESTION 3
A court of law is free to render a judgment against a parish or parish official both in his individual and official capacities. However, Article 12, Section 10(C) of the Louisiana Constitution provides as follows:
 "C. Procedure;Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered."
Thus, the Constitution at the above provision requires the legislature to provide a procedure for suits against political subdivisions and to provide for the effect of a judgment. It further proscribes against the seizure of public funds or public property. Additionally, it prohibits the payment of judgments except from funds appropriated therefor by the political subdivision against which the judgment is rendered. Further, dedicated tax monies can only be used for the purpose stated on its process verbal, the purpose for which the tax was levied. The question you raise is one of enforcement of a judgment, which can only be answered by a court of law.
QUESTION 4
No such bills are in force.
Trusting this to be of sufficient information, I remain
Your very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JANE BISHOP JOHNSON Staff Attorney